# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMANDA GESSNER, | ) | |
|       Plaintiff, | ) | C.A. No. 13-22 Erie |
| | ) | |
|    v. | ) | |
| | ) | Chief Judge McLaughlin |
| LT. NIXON, et al., | ) | Magistrate Judge Baxter |
|       Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for emergency hearing, which is construed as a motion for temporary restraining order [ECF No. 15], and Plaintiff's motion to transfer Plaintiff out of SCI-Muncy [ECF No. 20], be denied.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

Plaintiff Amanda Gessner, an inmate at the State Correctional Institution at Muncy, Pennsylvania ("SCI-Muncy"), has filed a motion to transfer Plaintiff out of SCI-Muncy [ECF No. 20], claiming that she is being harassed and retaliated against by "numerous prison officials" at SCI-Muncy because she previously accused one of their co-workers of committing sexual misconduct in early 2011. As a result, Plaintiff is seeking an Order from this Court requiring the Department of Corrections to transfer her back to SCI-Cambridge Springs. Earlier in this case, Plaintiff filed a motion for emergency hearing, which this Court construed as a motion for temporary restraining order [ECF No. 15], in which Plaintiff raised the underlying claim of sexual misconduct as grounds for a request to transfer her out of SCI-Muncy and back to SCI-Cambridge Springs. This prior motion was held in abeyance pending this Court's receipt and review of Plaintiff's medical records from SCI-Muncy to determine whether evidence of

Plaintiff's sexual assault claims was verified by the records.

The Court has since received and reviewed Plaintiff's medical records and has conducted a telephone hearing on Plaintiff's pending motions to transfer her out of SCI-Muncy. Both Plaintiff and Captain Boyer of SCI-Muncy participated at the hearing by phone and offered testimony.

### B. Standard of Review

The four factors that must be shown for the issuance of a temporary restraining order are the same as those required to issue a preliminary injunction. Fink v. Supreme Court of Pennsylvania, 646 F.Supp. 569, 570 (M.D.Pa. 1986). To obtain a preliminary injunction, the movant must show: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d 102, 109 (3d Cir. 2010), quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). The preliminary injunction remedy "must be reserved for extraordinary circumstances...." Hoxworth v. Blinder, Robinson & Co. Inc., 903 F.2d 186, 189 (3d Cir. 1990). If the record does not support a finding of both irreparable injury and a likelihood of success on the merits, then a preliminary injunction cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

Irreparable injury is established by showing that Plaintiff will suffer harm that "cannot be redressed by a legal or an equitable remedy following trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989)("The preliminary injunction must be the only way of protecting the plaintiff from harm"). Plaintiff bears this burden of showing irreparable injury. Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), cert. denied, 493 U.S. 848 (1989). In fact, Plaintiff must show immediate irreparable injury, which is more than merely serious or substantial harm. ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987). The case law provides some assistance in determining that injury which is irreparable under this standard.

"The word irreparable connotes 'that which cannot be repaired, retrieved, put down again, atoned for...'." Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994)(citations omitted).

### C. Discussion

Based on the Court's review of Plaintiff's medical records and the testimony presented during the telephone hearing, this Court finds that Plaintiff has failed to meet her burden of showing immediate irreparable injury. In particular, during the telephonic hearing held on June 12, 2013, with regard to Plaintiff's motions for injunctive relief [ECF Nos. 15 and 20], Plaintiff was unable to identify any immediate threat of physical injury or harm that would occur to her if she is not transferred from SCI-Muncy back to SCI-Cambridge Springs. In addition, Captain Boyer testified that he never received any grievance or complaint from Plaintiff documenting any injuries she has allegedly suffered at the hands of SCI-Muncy personnel. The medical records fail to disclose any reference to or any injuries resulting from any alleged sexual assault in early 2011, or from any other allegedly harsh treatment at SCI-Muncy. Plaintiff has simply indicated that she fears injury will occur because the staff at SCI-Muncy "doesn't like her." To sustain her burden of showing immediate irreparable injury, however, "the claimed injury cannot merely be possible, speculative or remote." Dice v. Clinicorp, Inc., 887 F.Supp. 803, 809 (W.D.Pa. 1995). An injunction is not issued "simply to eliminate a possibility of a remote future injury...." Acierno, 40 F.3d at 655 (citation omitted).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for emergency hearing, which is construed as a motion for temporary restraining order [ECF No. 15], and Plaintiff's motion to transfer Plaintiff out of SCI-Muncy [ECF No. 20], be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P.

72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

<u>/s/ Susan Paradise Baxter</u><br>
SUSAN PARADISE BAXTER<br>
United States Magistrate Judge

Date: June <u>12</u>, 2013

cc: The Honorable Sean J. McLaughlin
      Chief United States District Judge